IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE CONAGRA PEANUT BUTTER PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1845 1:07-md-1845-TWT |
| BRECKA TIEKEN,<br><br>    Plaintiff,<br><br>        v.<br><br>CONAGRA FOODS, INC., et al.,<br><br>    Defendants. | CIVIL ACTION FILE NO. 1:07-CV-2096-TWT |

ORDER

This is a products liability action.  It is before the Court on the Plaintiff's Motion to Remand [Doc. 63].  For the reasons stated below, the motion is DENIED.

I.  Background

The Plaintiff, Brecka Tieken, alleges that she was injured by eating contaminated peanut butter manufactured and distributed by ConAgra.  The Plaintiff moves to remand the action to state court on the grounds that there is not complete diversity of citizenship.  The Plaintiff is a resident of Texas.  The Defendant ConAgra is a Delaware corporation, but the Plaintiff alleges that she purchased the

contaminated peanut butter from HEB Grocery Co. ("HEB"), a Texas corporation. HEB is named as a Defendant.  The Plaintiff now moves to remand.

## II. Standard of Review

A defendant may remove an action from state court to federal court so long as the federal court would have originally had federal question or diversity jurisdiction. 28 U.S.C. § 1441(a). If the basis for federal jurisdiction is diversity of citizenship, the case goes back to state court if: (1) there is not complete diversity between the parties, Strawbridge v. Curtiss, 3 Cranch 267 (1806); (2) the amount in controversy does not exceed $75,000, 28 U.S.C. § 1332(a)(1); or (3) one of the defendants is a citizen of the state in which the suit was filed, 28 U.S.C. § 1441(b); see also 28 U.S.C. § 1447(b).

If there is a non-diverse defendant, federal courts may inquire into whether the party has been "fraudulently joined" for the purpose of avoiding federal jurisdiction. See Legg v. Wyeth, 428 F.3d 1317, 1322-23 (11th Cir. 2005). If the court finds that a party was fraudulently joined, it must ignore the presence of the non-diverse defendant and deny the motion to remand.  Henderson v. Washington Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006).  A defendant may discharge its burden of proving fraudulent joinder by demonstrating either that: "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the

plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (citing Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989)).  "Stated differently, we must determine whether there is any reasonable basis for predicting that the plaintiff might be able to establish the non-diverse defendant's liability on the pleaded claims in state court." Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003).  The defendant must make its showing by clear and convincing evidence.  Henderson, 454 F.3d at 1282 (citing Parks v. New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962)).  The defendant's burden is a heavy one.  Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1381 (11th Cir. 1998).  Removal statues are to be interpreted narrowly with any doubts construed against removal jurisdiction.  See Williams v. AFC Enter., Inc., 389 F.3d 1185, 1189 (11th Cir. 2004); Burns v. Windsor Ins., 31 F.3d 1092, 1095 (11th Cir. 1994); Bosky v. Kroger Tex., L.P., 288 F.3d 208, 211 (5th Cir. 2002).  "Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court."  Pacheco, 139 F.3d at 1380.  "To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." Crowe, 113 F.3d at 1538; see also Hart v. Bayer Corp., 199 F.3d 239 (5th Cir. 2000).

At the same time, the court need not accept all of the plaintiff's claims as true in the face of unanswered affidavits squarely contradicting the plaintiff's factual assertions.  A federal court may look beyond the pleadings and address the matter as it would a motion for summary judgment under Federal Rule of Civil Procedure 56(b).  Legg, 428 F.3d at 1322-23 (noting that where the plaintiff does not respond to a factual assertion there is no issue of fact for the court to resolve); Smallwood v. Illinois Cent. R. Co., 385 F.3d 568, 573 (5th Cir. 2004).  Factual controversies are only resolved in favor of the plaintiff when there are facts in dispute.  Legg, 428 F.3d at 1323.  The court does not assume that the plaintiff could or would prove the necessary facts in the absence of any proof.  Id. (citing Badon v. RJR Nabisco Inc., 224 F.3d 382, 393-394 (5th Cir. 2000)).

## III.  Discussion

The Defendant ConAgra argues that the Plaintiff improperly joined Defendant HEB.  Specifically, ConAgra contends that there is no reasonable basis to predict that the Plaintiff would succeed in a state action against HEB.  ConAgra claims that Texas Civil Practice and Remedies Code § 82.003 shields innocent non-manufacturing sellers of defective products from liability unless the plaintiff proves one of seven enumerated exceptions, and that the Plaintiff has not pled any of the statutory

exceptions.  Therefore, ConAgra argues, due to a lack of any state law claims against HEB, joinder of the non-diverse HEB is improper.

The Plaintiff first argues that it has stated viable claims against HEB because she alleged negligence claims apart from the strict liability claims.  (Pl.'s Mot. to Remand ¶ 6) ("Defendant HEB has duties separate and distinct from its duties under the products liability theory.").  The Plaintiff's proposed duties would include monitoring the investigations of contaminated food undertaken by the CDC and FDA. However, a products liability action in Texas includes a negligence action, so long as the underlying action stems from personal injuries caused by a defective product. Tex. Civ. Prac. & Rem. Code Ann. § 82.001.  Consequently, any claims against HEB must arise under the products liability statute, Texas Civil Practice and Remedies Code § 82.003.

In her Motion, the Plaintiff argues that HEB "could have and in all likelihood did sell a product after it had actual knowledge that the product was tainted."  (Pl.'s Mot. to Remand ¶ 13).  Under the Texas products liability statute, a seller may be liable for the injuries caused by a defective product if "(A) the seller actually knew of a defect to the product at the time the seller supplied the product; and (B) the claimant's harm resulted from the defect. Tex. Civ. Prac. & Rem. Code Ann. § 82.003(a)(6).  ConAgra asserts that the Plaintiff has produced no evidence that HEB

had actual knowledge that the peanut butter was contaminated.  Indeed, a district court may look beyond the pleadings and address the matter as it would a motion for summary judgment under Federal Rule of Civil Procedure 56(b).  Smallwood, 385 F.3d at 573.  Further, the district court does not assume that the plaintiff could or would prove the necessary facts in the absence of any proof.  Legg, 428 F.3d at 1323; Badon, 224 F.3d at 393-394.  In light of these considerations, it would be improper to hold HEB as a properly joined party.  At best, the Plaintiff offers speculation that HEB might have learned about the contaminated peanut butter from government investigations.  The Plaintiff, perhaps realizing the dearth of her evidence, has attempted to craft a duty to monitor government investigations as part of an independent negligence claim.  However, alleging that a seller should have possessed actual knowledge is short of providing any evidence of actual knowledge.  Because of this evidentiary shortcoming, the Plaintiff has not shown a reasonable likelihood of liability against the non-diverse HEB under Texas's products liability statute.  Accordingly, the Plaintiff's Motion to Remand should be denied.

IV. Conclusion

For the reasons set forth above, the Plaintiff's Motion to Remand [Doc. 63] is DENIED.

SO ORDERED, this 7 day of April, 2008.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge