IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: CONAGRA PEANUT BUTTER PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1845<br>ALL CASES<br><br>1:07-MD-1845-TWT |

ORDER

This is a products liability action. It is before the Court on the Defendant's Motion to Dismiss the Plaintiffs' First Amended Complaint [Doc. 117]. For the reasons set forth below, it is GRANTED IN PART AND DENIED IN PART.

I. Background

This action arose out of the distribution by ConAgra of peanut butter that was contaminated by Salmonella bacteria. The contaminated peanut butter was manufactured at the Defendant's plant in Sylvester, Georgia. It is undisputed that hundreds of people got sick after eating the contaminated peanut butter. The Judicial Panel on Multidistrict Litigation transferred the resulting flood of civil actions to this Court for coordinated or consolidated pretrial proceedings. (See Transfer Order [Doc. 1]). The cases included individual actions and numerous class actions. The Plaintiffs then filed a Master Complaint in this Court in which they seek to represent  a

proposed class of purchasers and a proposed class of persons with personal injuries. Both of the proposed classes are national in scope. The Defendant now moves to dismiss the Plaintiffs' Amended Master Complaint.

## II. Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a plausible claim for relief. Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1965-66 (2007); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim even if it is improbable that a plaintiff would be able to prove those facts, and even if the possibility of recovery is extremely remote and unlikely. Twombly, 127 S. Ct. at 1965. In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which

it rests. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citing Twombly, 127 S. Ct. at 1964).

### III.  Discussion

A.  Choice of Law

The Defendant argues that it is necessary to resolve the choice of law issues to adequately decide this motion. The Plaintiffs argue that the choice of law issues are only relevant for class certification and should not be considered here. I agree that it is premature to conduct a rigorous choice of law analysis at this stage. Such an analysis is more appropriate at the class certification stage. Rios v. State Farm Fire & Cas. Co., 469 F. Supp. 2d 727, 741-42 (S.D. Iowa 2007). Nonetheless, some consideration of the applicable rules will be necessary for resolution of the motion to dismiss.

The Plaintiffs argue that Georgia substantive law should apply to all claims, and hence, to this motion. Generally, a federal court sitting in diversity applies the choice of law rules of the forum state. Grupo Televisa, S.A. v. Telemundo Communications Group, Inc., 485 F.3d 1233, 1240 (11th Cir. 2007) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)). More specifically, in multidistrict litigation actions, the transferee court typically applies the state law that the transferor court would have applied. Murphy v. F.D.I.C., 208 F.3d 959, 965 (11th Cir. 2000) ("Our

[federalist] system contemplates differences between different states' laws; thus a multidistrict judge asked to apply divergent state positions on a point of law would face a coherent, if sometimes difficult, task."); see also Roofing & Sheet Metal Services, Inc. v. La Quinta Motor Inns, Inc., 689 F.2d 982, 991 (11th Cir. 1982). This includes the choice of law rules of the transferor court. Although I am convinced that it is appropriate to wait until the class certification to fully explore the choice of law issues, it is obvious to me that this case implicates more than Georgia law.

### B. Unjust Enrichment Claim

The Defendant first moves to dismiss the unjust enrichment claim because the Plaintiffs conferred no direct benefit to the Defendant. There are three generally accepted requirements for unjust enrichment: (1) the plaintiff must confer a benefit upon the defendant; (2) the defendant has an appreciation or knowledge of the benefit; and (3) the defendant accepts or retains the benefit where it would be inequitable for the defendant to retain the benefit without payment of its value. 26 RICHARD A. LORD, WILLISTON ON CONTRACTS § 68:5 (4th Ed.). Additionally, the Defendant points to a number of jurisdictions that ostensibly require that a plaintiff confer a *direct* benefit upon the Defendant. In response, the Plaintiffs have cited cases that suggest that only a small minority of states require a direct benefit. For instance, one court concluded that:

4

> Three jurisdictions [Florida, Idaho, and Ohio] preclude indirect purchasers from asserting claims for unjust enrichment unless they have conferred a benefit directly on the defendant. In these states, the rationale for the requirement is to insulate a defendant that is far removed from any wrongdoing from liability for a benefit he may have inadvertently or unknowingly received.

Powers v. Lycoming Engines, 245 F.R.D. 226, 233 (E.D. Pa. 2007); see also In re Cardizem CD Antitrust Litigation, 105 F. Supp. 2d 618, 670 (E.D. Mich. 2000). On the other hand, the Defendant claims that 17 jurisdictions require a direct benefit to sustain an unjust enrichment claim. However, many of the Defendant's cases do not preclude an unjust enrichment action by a purchaser against the manufacturer. The Defendant has not convinced the Court that a sufficient number of jurisdictions require a direct transaction between the consumer and the manufacturer to warrant dismissal at this stage. To be sure, there is solid support for the Defendant's interpretation of a direct benefit in a few states. See Bower v. International Business Machines, Inc., 495 F. Supp. 2d 837, 844 (S.D. Ohio 2007); Johnson v. Microsoft Corp., 834 N.E.2d 791, 799 (Ohio 2005) ("The facts in this case demonstrate that no economic transaction occurred between Johnson and Microsoft, and, therefore, Johnson cannot establish that Microsoft retained any benefit to which it is not justly entitled.")

Nonetheless, it is clear that the benefit is sufficiently direct in this case for the majority of jurisdictions. This is especially true considering that the Defendant

markets its product directly to consumers; though it sells its product through retailers, it directly profits from the individual demand of consumers. Furthermore, the Defendant's alternate argument for dismissal of the unjust enrichment claims - that the Plaintiffs have an adequate remedy at law because of an implied warranty from the manufacturer - undercuts the argument that there was no direct benefit from the Plaintiffs to the Defendant. Assuming there is an implied warranty from the manufacturer to a consumer (even if a retailer made the transaction indirect) this presupposes that consumers would ultimately buy the product (and enrich the Defendant in the process). For these reasons, the Plaintiffs - as purchasers of the Defendant's marketed product - conferred a benefit sufficiently directly upon the Defendant. At a minimum, whether the Plaintiffs bestowed a direct benefit upon the Defendant is a question of fact which cannot be resolved at this stage of the litigation. See, e.g., In re Cardizem CD Antitrust Litigation, 105 F. Supp. 2d at 671.

The Defendant also contends that the unjust enrichment claim should be dismissed on the grounds that an express contract governed the underlying subject matter. See 66 AM. JUR. 2D RESTITUTION AND IMPLIED CONTRACTS § 12 (plaintiff must establish "absence of a remedy provided by law"). The Plaintiffs have conceded that a contract governed the sale of the peanut butter. But, the Plaintiffs contend, the unjust enrichment claims are barred only if there is an express contract between the

two parties.  See, e.g., Vanderford Co., Inc. v. Knudson, 165 P.3d 261, 272 (Idaho 2007) (allowing unjust enrichment claim where "there are no enforceable express contracts between these three parties on this particular subject.").  Here, the Plaintiffs argue, there was only an express contract between the purchasers and the retailers; there was no contract between the Plaintiffs and the Defendant.

     Still, the Defendant argues that even in the absence of an express contract between the Plaintiffs and the Defendant, a "'[c]ontract' in this context obviously can mean a warranty extending from the manufacturer to the consumer, even if the actual sale is consummated with a retailer."  (Surreply Br. in Opp'n to Pls.' Mot. for Class Cert., at 33).  According to the Defendant, the warranty is implied courtesy of the Uniform Commercial Code.  Indeed, one version of the Uniform Commercial Code § 2-318 eliminates the need for privity of contract in breach of warranty actions whenever the claim is simply for "injury."  See Uniform Comm. Code § 2-318 (Alternative C).  Some interpret this language to cover both personal injury and economic loss.  See 18 RICHARD A. LORD, WILLISTON ON CONTRACTS 52:39 (4th Ed.).  However, most states have adopted versions of § 2-318 that allow recovery for breach of warranty only if there was injury to the person and not for mere economic loss.  Id.  In fact, only five states and the Virgin Islands have adopted Alternative C.  Most jurisdictions do require privity of contract to recover under a breach of warranty for

purely economic loss.  In sum, the Plaintiffs' Master Complaint has satisfied the elements of unjust enrichment in a majority of jurisdictions.

The Defendant also moves to dismiss the Plaintiffs' claims for compensatory damages, treble damages, and attorneys' fees in connection with the unjust enrichment claims.  The Defendant argues that an award of attorneys' fees would be improper under any common law theory such as unjust enrichment.  The Plaintiffs, however, maintain that Plaintiffs' counsel may seek recovery of fees under the equitable common fund doctrine.  Attorneys' fees may be recovered from a common fund even where there is no statutory basis for recovery of attorneys' fees; the establishment of a common fund is within the equitable power of the Court.  4 NEWBERG ON CLASS ACTIONS § 14:1 (4th ed.).  Further, this is an appropriate exception to the American rule that every litigant bear his own attorney's fees when counsel recovers a common fund for the benefit of persons other than his client.  Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980).  Although common funds are applicable generally only where the injured persons are small in number and easily identifiable, they may be proper in class actions when each member of a class has "mathematically ascertainable claim to part of a lump-sum judgment."  Id. at 479.  Due to these considerations, I agree with the Plaintiffs that their counsel should be able to recover from a common fund if they succeed on their unjust enrichment claim.

C.	Personal Injury Claims

The Defendant moves to dismiss the Plaintiffs' personal injuries claims because several states preempt negligence and strict liability claims by statute. On this point, the Defendant first argues that the Master Complaint must be dismissed because some of the named Plaintiffs are from jurisdictions subject to those preemptive statutes. However, because a state statute has codified actions for negligence does not mean that an injured party cannot recover at all for actions grounded in products liability. Regardless of the sufficiency of their claims, the injured Plaintiffs have doubtlessly alleged sufficient injury, causation, and redressability to show standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

Next, the Defendant argues that variations in state laws necessitate a dismissal of the claims in the context of a nationwide class action. However, concerns regarding the variations of state law - especially a small minority of states - are more properly considered at the class certification stage. Compare Rios v. State Farm Fire & Cas. Co., 469 F. Supp. 2d at 741 (noting that "the Court will be required to conduct a rigorous analysis on the conflicts of law at the certification stage. . . . However, at this time, on [the defendant's] motion to strike and dismiss, it does not appear beyond doubt that Plaintiffs cannot establish an actionable class action lawsuit.") with Reilly

v. Gould, Inc., 965 F. Supp. 588, 593-94 (M.D. Pa. 1997) (dismissing class action claims at class certification stage).

      D.      Purchaser Class Economic Losses

The Defendant seeks to dismiss any claims of the proposed purchaser class for negligence or strict liability. The Defendant argues that a majority of jurisdictions do not allow suits in tort for a loss of the benefit of the bargain. The Plaintiffs do not dispute this, and insist that the proposed purchaser class does not seek recovery in tort for any economic losses. To the extent that Plaintiffs sought recovery for economic losses through tort, those claims should be dismissed.

## IV. Conclusion

For the reasons set forth above, the Defendant's Motion to Dismiss the Plaintiffs' First Amended Complaint [Doc. 117] is GRANTED IN PART AND DENIED IN PART.

SO ORDERED, this 21 day of May, 2008.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge