IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE CONAGRA PEANUT BUTTER PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1845<br>1:07-md-1845-TWT |
| BERNICE SISSON, et al.<br>    Plaintiffs,<br>      v.<br>CONAGRA FOODS, INC., et al.,<br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:08-CV-3476-TWT |

ORDER

This is a multi-district litigation case concerning contaminated peanut butter. It is before the Court on the Defendants' Motions to Dismiss [Doc. 4, 5]. For the reasons set forth below, the motions are GRANTED.

I. Introduction

The Plaintiffs are residents of Tennessee who allege personal injury from the consumption of contaminated peanut butter. The corporate defendant is incorporated under the laws of Delaware and has its principal place of business in Delaware. The individual Defendants are either former or current employees at the Sylvester,

Georgia, ConAgra plant that produced the contaminated peanut butter. Two of the individual Defendants are citizens of Georgia, which would prevent removal to this Court. The Plaintiffs originally filed suit in the Superior Court of Gwinnett County alleging various acts of negligence against both the corporate and individual Defendants. The Defendants removed the suit to this Court on the basis that the individual Defendants were fraudulently joined to destroy this Court's diversity jurisdiction.

## II. Discussion

At the outset, the Court notes that it is appropriate to determine this case under Tennessee law. In personal injury cases, Georgia applies the law of the place of the tort, or lex loci delicti. Dowis v. Mud Slingers, Inc., 279 Ga. 808, 816 (2005). Under that doctrine, the place of the tort is generally the place where the injury was suffered. 16 AM. JUR. 2D CONFLICT OF LAWS § 126; accord International Business Machines Corp. v. Kemp, 244 Ga. App. 638, 640 (2000) ("In torts of a transitory nature, the place of the wrong is the place where the last event occurred necessary to make an actor liable for the alleged tort. . . . [T]he place of the wrong is where that injury is sustained."). The Plaintiffs sustained their injuries in Tennessee. Accordingly, Tennessee law applies in this case.

The Plaintiffs defeat federal court jurisdiction if they have an arguable case against the individual Defendants. The Plaintiffs rely upon the case of Brungard v. Caprice Records, Inc., 608 S.W.2d 585, 590 (Tenn. Ct. App. 1980). In that case, the plaintiff sued a company that ostensibly produced music records, one of its talent agents, and the president of the corporation for fraudulent misrepresentation. Id. at 588. The talent agent and his boss repeatedly lied to the plaintiff singer, promising her that the company was publicly traded and would invest heavily to promote its talent, that the talent agent was an experienced talent scout, and that there were plans to build a 3,500-seat auditorium to show off its talent. Id. at 589-91. None of these things were true; in fact, the supposed talent scout was only a former insurance salesman. Id. The Tennessee court stated that "[i]t is settled law that an agent cannot escape liability for tortious acts, including fraud and misrepresentation, against third persons simply because the agent was acting within the scope of the agency or at the direction of the employer." Id. at 590. The Third Restatement of Agency is largely in accord, positing that "[u]nless an applicable statute provides otherwise, an actor remains subject to liability although the actor acts as an agent or an employee, with actual or apparent authority, or within the scope of employment." RESTATEMENT (THIRD) OF AGENCY § 7.01 (2006). Of course, the Restatement is not binding on this Court as a statement of Tennessee law. And the Brungard case is distinguishable from

this case because of the extent of intentional fraud by the talent agent to the singer; here, the Plaintiffs only allege negligence in a manufacturing process.

Moreover, in the context of officer liability for intentional interference with employment, the Tennessee Supreme Court expressed misgivings about extending liability to individuals within a corporation. In <u>Forrester v. Stockstill, M.D.</u>, 869 S.W.2d 328 (Tenn. 1994), the court stated that "[i]mportant societal interests are served by corporations having the clear and candid advice of their officers and agents" while making business decisions. <u>Id.</u> at 334. "Fear of personal liability would tend to limit such advice." <u>Id.</u> There are important factual distinctions in the present case from both the <u>Brungard</u> and <u>Forrester</u> decisions. Given the dearth of authority more directly on point, this Court is reluctant to drastically expand the liability of corporate employees for acts of negligence to customers to whom they owe no clearly established duty. That is a declaration that should be made by Tennessee state court, and not a district court in Georgia. The Plaintiffs have failed to state a plausible claim for relief against the individual Defendants.

### III. <u>Conclusion</u>

For the reasons set forth above, the Defendants' Motions to Dismiss [Doc. 4, 5] are GRANTED.

SO ORDERED, this 15 day of September, 2009.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge