IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: CONAGRA PEANUT BUTTER PRODUCTS LIABILITY LITIGATION | ) ) ) | CIVIL ACTION NO. 1:07-MD-1845-TWT |
| | ) | |
| ********************* | ) | ******************** |
| | ) | |
| JANIS FREEMAN and KAY MOORES, | ) ) ) | |
| | ) | CIVIL ACTION NO. 1:09-CV-0914-TWT |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| CONAGRA FOODS, INC. and WAL-MART STORES, INC., | ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS CONAGRA FOODS, INC.'S AND WAL-MART STORES, INC.'S JOINT OPPOSITION TO PLAINTIFFS' MOTION TO REINSTATE**

Defendants, ConAgra Foods, Inc. ("ConAgra") and Wal-Mart Stores, Inc. ("Wal-Mart"), by counsel, submit their joint Opposition to Plaintiffs' Motion to Reinstate, (Dkt. Entry 1446, Civil Action No. 1:07-MD-1845-TWT).[1]  In support thereof, ConAgra shows the Court as follows:

---

[1] All references to docket entries refer to Civil Action No. 1:07-MD-1845-TWT unless otherwise noted.

**FACTS AND PROCEDURAL HISTORY**

This is one of hundreds of personal injury cases transferred to this multi-district litigation ("MDL") Court for pre-trial proceedings.  Like others, it alleges an illness related to the alleged presence of *Salmonella* bacteria in peanut butter manufactured by ConAgra.  On February 19, 2009, this case was removed to the United States District Court for the Northern District of Texas.  This case was subsequently transferred to the MDL in this Court on or around April 6, 2009. Pursuant to the Initial Case Management Order entered in the MDL, all named plaintiffs are to provide a verified Plaintiff Fact Sheet ("PFS") and applicable executed authorizations for the release of employment and medical information within sixty (60) days of transfer to this Court.  (See Initial Case Management Order ("CMO"), dated October 23, 2007, Dkt. Entry 60.)  This period of time is twice the length of time each would have had to respond to written discovery under the Federal Rules of Civil Procedure.  See, e.g., Fed. R. Civ. Pro. 33 (allowing thirty (30) days for a party to respond to interrogatories).

The Court also established a web site on its homepage providing contact information for both Plaintiffs' and ConAgra's Liaison Counsel and even posting critical pleadings, including its October 23, 2007, Case Management Order, which imposed the requirement that each plaintiff file a PFS.  Finally, the Court directed

the Clerk to file a copy of the Case Management Order in each individual case. (See CMO, ¶ B.1., Dkt. Entry 60), which was completed in this case on April 9, 2009.  (Dkt. Entry 19, Civil Action No. 1:09-CV-00914-TWT.)

Plaintiffs' Liaison Counsel and ConAgra have worked diligently on PFS issues to arrange for individual and global extensions, and have met and conferred dozens of times to remedy deficiencies.  To date, many hundreds of plaintiffs in this litigation (and hundreds more who availed themselves of tolling agreements ConAgra offered) have served complete and verified fact sheets on ConAgra. These include pro se litigants and several who speak English as a second language, if at all.

In contrast, these Plaintiffs have not provided a PFS.  During the time Plaintiffs' case was pending, their counsel never once called Liaison Counsel for ConAgra or, to the undersigned's knowledge, Plaintiffs' Liaison Counsel, to request an extension of time to file a PFS.  While hundreds of attorneys of record have registered for CM/ECF notification in MDL 1845 to date, counsel for Plaintiffs failed to register to receive information electronically as required by the Local Rules and Standing Orders of this Court.

Despite the fact that the CMO was posted in the main case (Dkt. Entry 60, Civil Action No. 1:08-CV-1845), in the individual case (Dkt. Entry 19, Civil

Action No. 1:09-CV-00914-TWT); and on the Court's website, Plaintiffs never

submitted a PFS.  On August 5, 2009, ConAgra first moved to compel the

production of verified and complete fact sheets from Plaintiffs.  (See Dkt. Entry

991.)  Plaintiffs never responded to ConAgra's Motion to Compel.  Noting

Plaintiffs' individual case number and case name, that motion was granted on

October 1, 2009, and the Court ordered that Plaintiffs provide a PFS within twenty

(20) days of the entry of the Order Compelling Discovery, or October 21, 2009.

(See Dkt. Entry 1113.)  Despite the Court's Initial Case Management Order, and its

October 1, 2009 Order Compelling Discovery, ConAgra has yet to receive a

completed PFS from either Plaintiff in this case.

Accordingly, ConAgra moved to dismiss Plaintiffs' case, again noting the

Plaintiffs' case by name and individual case number three separate times (in the

motion, supporting brief and proposed Order).  (Dkt. Entry 1168.)  On

December 16, 2009, ConAgra filed a Notice of Pending Motion to Dismiss in

Plaintiffs' individual case, which also advised that oral argument on the pending

motion would be held during a telephonic status conference on Thursday,

December 17, 2009 at 2:00pm, EDT.  (Dkt. Entry 20, Civil Action No. 1:09-CV-

00914-TWT.)  Counsel for plaintiffs did not appear in person or by phone.  With

no objection, this Court granted the motion to dismiss on December 17, 2009 (Dkt.

Entry 1239), and the Court issued its Final Judgment and Dismissal on December 29, 2009.  (Dkt. Entry 1274.)

On February 24, 2010, Plaintiffs filed a Motion to Reinstate pro se, seeking to overturn this Court's Final Judgment and Dismissal. (See Dkt. Entry 1446.)  The basis for Plaintiffs' motion is that Plaintiffs' counsel, Mr. C.D. Peebles, "failed to file [Plaintiffs'] fact sheet pages 7 and 8 on time" and that Plaintiffs' are unhappy with their representation in this case.  (Pl. Mot.)  Plaintiffs' failure to comply with their obligations and their unhappiness with their attorney, however, are not sufficient grounds to alter or amend the Court's decision.  Therefore, dismissal of this case is an appropriate remedy for Plaintiffs' failure to comply with this Court's Orders.

Moreover, Plaintiffs bring this motion despite the fact that Plaintiffs settled with ConAgra and Wal-Mart in exchange for a release of all claims.  On January 20, 2010, and despite the fact that Plaintiffs' case was already dismissed with prejudice, Defendants offered each Plaintiff good and valuable consideration to settle their claims.  (See J. Neale Ltr., Jan. 20, 2010, attached hereto as Exhibit 1.)  Each Plaintiff, through counsel, accepted the consideration in exchange "for a release of all claims resulting from this litigation."  (See C.D. Peebles Ltr., Jan. 21, 2010, attached hereto as Exhibit 2.)  And on February 12, 2010, Defendants mailed

settlement checks to Plaintiffs' counsel.  (See J. Neale Ltr., Feb. 12, 2010, attached hereto as Exhibit 3.)

In fact, Plaintiffs' motion is not even properly before the Court.  It appears that Plaintiffs have dismissed their attorney from representing them in this case (since Plaintiffs filed their motion without counsel), but Plaintiffs have failed to notify Defendants of their intention to appear pro se in this matter as required by Local Rule 83.1.D(2).  And Plaintiffs have failed to obtain an "order of substitution" from this Court as required by Local Rule 83.1.D(2).  As a result, Plaintiffs motion is not properly before the Court and should be denied by default. See L.R. 83.1.E(4).

Finally, Plaintiffs' are not permitted to reopen a judgment simply because Plaintiffs' are unhappy with their attorney.  Plaintiffs chose their attorney as their representative in this action, and Plaintiffs cannot now avoid the consequences of the acts or omissions of their freely selected agent.

## ARGUMENT

### A.    RULE 59 DOES NOT APPLY TO THESE CIRCUMSTANCES.

Under Rule 59(e), a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. See Fed. R. Civ. P. 59(e). Judgment in this matter was entered on December 17, 2009 (Dkt. Entry 1239), and

the Court issued its Final Judgment and Dismissal on December 29, 2009.  (Dkt.

Entry 1274.)  Plaintiffs, therefore, had until February 4, 2010 to file their Rule

59(e) motion.  See Fed. R. Civ. P. 6.  But Plaintiffs did not file their motion until

February 24, 2010 – twenty days beyond the Rule 59(e) deadline.  Thus, Plaintiffs'

motion, to the extent it is based on Rule 59, is untimely and must be denied.

What's more, "[t]he only grounds for granting [a Rule 59] motion are newly-

discovered evidence or manifest errors of law or fact."  Arthur v. King, 500 F.3d

1335, 1343 (11th Cir. 2007).  Parties cannot use a Rule 59(e) motion to re-litigate

old matters.  Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763

(11th Cir. 2005).  Nor can parties use Rule 59 to raise new legal arguments which

the party could and should have brought to the Court's attention on the underlying

motion.  Sanderlin v. Seminole Tribe of Florida, 243 F.3d 1282, 1292 (11th Cir.

2001).

Here, Plaintiffs fail to provide any newly-discovered evidence or raise any

manifest errors of law or fact that could serve as a basis to alter the Court's order.

Instead, Plaintiffs confirm the Court's basis for dismissing their case:  that

Plaintiffs' counsel failed to provide their PFS's as repeatedly ordered by the Court.

(Pl. Mot.)  Significantly, Plaintiffs do not attempt to remedy their default by

providing completed PFS's with their motion.   Instead, Plaintiffs merely state that

their attorney "wanted out of this case."  (Pl. Mot.)

Because Plaintiffs have failed to timely file their motion and have otherwise

confirmed the basis for this Court's dismissal of their claims, Plaintiffs' motion, to

the extent it relies on Rule 59 to reinstate their case, must be denied.

**B.    PLAINTIFFS HAVE NOT DEMONSTRATED A JUSTIFICATION FOR THE REQUESTED RELIEF.**

Plaintiffs do not allege any exceptional circumstances, or offer reasonable

justifications for relief so compelling that this Court should grant their motion to

alter or amend the final judgment.  Instead, Plaintiffs merely state that they "have

been cheated" because their counsel failed to follow Court Orders.  But by law,

these Plaintiffs are considered to be responsible for their counsel's dereliction of

responsibility.  See Link v. Wabash R. Co., 370 U.S. 626, 633, 82 S.Ct. 1386, 1390

(1962) (holding that a client may be made to suffer the consequence of dismissal of

its lawsuit because of its attorney's failure to attend a scheduled pretrial conference

and concluding, that there was "no merit to the contention that dismissal of

petitioner's claim because of his counsel's unexcused conduct imposes an unjust

penalty on the client.")  And any failure by Plaintiffs' counsel to monitor or

otherwise become aware of Plaintiffs' obligations cannot be considered excusable

neglect so as to justify reinstatement of this case.  In fact, were the Court to grant

the pending motion, it would simply eviscerate the PFS requirement and exonerate any neglect, no matter how inexcusable and fundamental.

**1.      Plaintiffs had ample opportunities to learn of and comply with their obligations to this Court and have ignored them all.**

Many hundreds of plaintiffs have submitted fact sheets to ConAgra and more continue to do so, daily.  These include pro se litigants, inmates, and several who speak English as a second language, if at all.  As the Court is aware, the Fact Sheets in this matter impose a minimal burden.  The Court provided ample time for their completion.   ConAgra has granted extensions, whenever reasonably requested. Despite these facts, Plaintiffs have failed to submit their Fact Sheets even after being ordered to do so by this Court, and having their case dismissed for failing to do so.  Plaintiffs now seek, however, to have this case revived despite the fact that their counsel made no effort to satisfy Plaintiffs' obligations in the MDL. Plaintiffs' counsel could have:

- Registered for CM/ECF, as the Local Rules and Standing Orders require and as 272 other attorneys in this MDL have done,  at the time the case was transferred in March 2009, and thereafter promptly received all pleadings and orders electronically; or

- Utilized PACER (even without CM/ECF registration in this Court) to review the docket report for pleadings affecting plaintiff's case including the Court's Case Management Order (Dkt. Entry 60), ConAgra's Motion to Compel, Brief, and Proposed Order (Dkt. Entry 1147), the Court's Order

- Accessed the Court's Website (even without CM/ECF registration or PACER access), where a dedicated page provides contact information for Liaison Counsel as well as the Court's Initial Case Management Order, requiring the service of the PFS, and the PFS itself; or

- Appeared in person or over the phone at any of the Court's numerous hearings or status conferences at which PFS requirements and deficiencies have been detailed; or

- Called Liaison Counsel to arrange for an extension or exception.

But Plaintiffs' counsel did none of these things. To reinstate Plaintiffs' case, under these circumstances, is to effectively permit a plaintiff to do nothing in this litigation until such time as her case is dismissed. Any one of these simple steps would have alerted Plaintiffs' counsel to Plaintiffs' obligations to the Court and to Defendants. The dismissal of this case in light of these facts and the governing law simply cannot be characterized as a "manifest error of law or fact" or a "manifest injustice."

### 2. Plaintiffs' counsel's failure to register with CM/ECF is not excusable neglect.

For many years this Court's Standing Order has required all attorneys admitted to practice before the Court to register with the CM/ECF system and file, sign and verify documents only by electronic means. (See June 1, 2004, Standing

Order In Re: Electronic Case Filing No 04-01 and Administrative Procedures at

App. H-2, ¶ 2.)  ConAgra has relied on CM/ECF notifications to inform the

hundreds of attorneys involved in this case of pending motions.  This is perfectly

proper under the Court's Local Rules and the Case Management Order.  As the

Court's Case Management Order clearly states:

> in lieu of service of documents pursuant to Fed.R.Civ.Pro. 5,
> service of all papers shall be made on liaison counsel for
> plaintiffs . . . plaintiffs' liaison counsel shall be responsible for
> the receipt of dissemination of each served document to all
> known plaintiffs' counsel . . .

(See Initial Case Management Order, (Dkt. Entry 60), ¶ I.C.)  There is no dispute

that all relevant documents were electronically served by ConAgra on Plaintiffs'

Liaison Counsel.

ConAgra should not be punished because of Plaintiffs' counsel's inability or

unwillingness to adhere to the Court's Standing Order and monitor his clients'

case, despite ConAgra's satisfaction of its obligations.  If this were the case,

attorneys from all over the country could simply fail to register for CM/ECF, and

evade any inconvenient deadline.  This defense hardly constitutes a justification so

compelling that this Court is required to grant relief, nor does it constitute

exceptional circumstances, as required for relief to be granted under Rule 60.

Indeed, Plaintiffs' counsel had a duty to monitor the docket.  See Mehler v. Daytona Beach Health and Rehabilitation L.L.C., No. 6:06-cv-936-Orl-31DAB, 2007 WL 570000, at *1 (M.D.Fla., Feb. 20, 2007) (plaintiff's counsel cannot abdicate his duty to monitor the docket and prosecute the case.)  See also In re Sulzer, No. 1:01-CV-9000, 2006 U.S. Dist. LEXIS 10712, at *11 (N.D. Ohio, March 14, 2006) (quoting Reinhart v. U.S. Dep't of Agric., 39 Fed.Appx. 954, 956 (6th Cir. 2002) (per curiam) (parties have an affirmative duty to monitor the dockets to inform themselves of the entry of orders they may wish to appeal.)

In addition, failure to register for the Court's CM/ECF system is not excusable neglect.  See In re Davenport, 342 B.R. 482 (Bkrtcy. S.D.Tex., 2006) (failure to take advantage of the technology provided through PACER and the CM/ECF-particularly in this day and age, when computers are essential to operating a law firm-does not provide a basis for excusable neglect.)

The CM/ECF system is in place so that this Court and all Parties have the ability to easily and rapidly communicate with each other.  It is an essential feature of complex, multi-district litigation.  If this Court were to reconsider the dismissal of this case on the basis of these Plaintiffs' failure to register with CM/ECF or monitor the litigation through PACER, it would simply invite hundreds of attorneys in this litigation to avoid their obligations in a similar manner.

In sum, Plaintiffs' counsel failure to register for the CM/ECF system, to monitor PACER, or even check the Court's web page is not excusable neglect. Any of these actions would have solved all of the problems of which Plaintiffs now complain.  None constitute a "manifest error of law or fact," a "manifest injustice," "exceptional circumstances" or "a justification for relief so compelling that the district court [is] required to grant [their] motion."

## C.   DISMISSAL IS A PROPER REMEDY FOR PLAINTIFFS' FAILURE TO COMPLY WITH THIS COURT'S ORDER.

The Order Granting ConAgra's Motion to Compel Production of Plaintiff Fact Sheets from Plaintiffs explicitly warned that "[i]f any Plaintiff fail to comply as set forth herein, this court reserves the right to impose all sanctions necessary pursuant to Rule 37 of the Federal Rules of Civil Procedure."  (See Dkt Entry 1159.)  There can be no doubt about the Court's authority subsequently to dismiss Plaintiffs' case under these circumstances.  See Fed. R. Civ. P. 37(b)(2)(A)(v) (providing dismissal of an action as a sanction for failure to comply with a discovery order); In re: Guidant Corp. Implantable Defibrillator Product Liability Litigation, 496 F.3d. 863, 2007 WL 2189069 (8th Cir. Aug. 1, 2007) (upholding dismissal with prejudice of plaintiffs' cases for failure to adequately complete Plaintiffs' Fact Sheets); In re: Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.2d 1217, 1232-34 (9th Cir. 2006) (upholding MDL's court's dismissal of

plaintiffs' claims for failure to comply with case management orders, and noting

that "dismissal serves the public interest in expediting resolution of litigation as

well as the Court's need to manage the docket when the plaintiff's noncompliance

has caused the action to come to a halt . . . ."). That authority is well founded, and

is indeed explicit in the Local Rules for the Northern District of Georgia.

> The court may, with or without notice, dismiss a civil case for want of
> prosecution if…[a] plaintiff or plaintiff's attorney shall, after notice…fail or
> refuse to obey a lawful order of the court in the case.

See Local Rule 41.3.

The Order dismissing this case recites the Court's finding that "having

determined that less severe sanctions have proven ineffective . . ." (See Dkt. Entry

1240.) Furthermore, Plaintiffs admit actual knowledge of their attorney's failure

to submit a fact sheet. They now have actual knowledge that their PFS's were due

more than six (6) months ago. They now have actual knowledge that the Court

entered Orders instructing them to file a PFS, compelling them to file a PFS and

imposing a sanction for not filing a PFS. Despite actual knowledge of the Court's

Orders, Plaintiffs still have not submitted the PFS's. This failure to comply with

the Court's order even at this late date, aptly demonstrates that no sanctions will

have the desired effect in this case.

**D.     PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE
        PLAINTIFFS  AGREED TO  A SETTLEMENT.**

Plaintiffs have already agreed to settle their claims with ConAgra and Wal-Mart.  On January 20, 2010, and despite the fact that Plaintiffs' case was already dismissed with prejudice, Defendants offered each Plaintiff consideration to settle their claims.  (See J. Neale Ltr., Jan. 20, 2010.)  Each Plaintiff, through counsel, accepted consideration in exchange "for a release of all claims resulting from this litigation."  (See C.D. Peebles Ltr., Jan. 21, 2010.)  Based on Plaintiffs' promise to release their claims against Defendants, Defendants mailed settlement checks to Plaintiffs' counsel.  (See J. Neale Ltr., Feb. 12, 2010.)  This renders Plaintiffs' request to reinstate their case as moot.

**E.      PLAINTIFFS FAILED TO NOTIFY DEFENDANTS AND THIS COURT OF THEIR SUBSTITUTION OF COUNSEL AND, THEREFORE, THEIR MOTION SHOULD BE DENIED BY DEFAULT.**

Plaintiffs' motion should be denied because their motion is not properly before the Court.  Plaintiffs appear to have dismissed their attorney from representing them in this case (since Plaintiffs filed their motion without counsel), but Plaintiffs have failed to notify Defendants or the Court of their intention to appear pro se in this matter as required by Local Rule 83.1.D(2).  Local Rule 83.1.D(2) states that a party may not appear or act on their own behalf (*i.e.*, pro se) after appearing by an attorney without first giving notice to the opposing parties

15

and obtaining an "order of substitution" from the court.  L.R. 83.1.D(2).  Plaintiffs

have ignored Local Rule 83.1.D(2) and have not obtained an "order of

substitution" or given Defendants notice of their pro se status prior to filing their

motion.

Moreover, Plaintiffs failed to notify the Court or anyone else that they

dismissed their attorney from representing them in this case.  Local Rule 83.1.E(2)

requires Plaintiffs to notify the clerk of their attorney's dismissal before proceeding

any further in the case and that failure to do so is a default.  L.R. 83.1.E(2).

Plaintiffs have failed to notify the clerk of their intention to appear pro se and file

this motion.  As a result, Plaintiffs' motion should be denied by default. L.R.

83.1.E(2).

## F.    PLAINTIFFS' REMEDY FOR ANY UNSATISFACTION WITH THEIR ATTORNEY IS NOT REINSTATEMENT OF THEIR CASE.

Finally, to the extent Plaintiffs are unhappy with the services of their

attorney, Plaintiffs' remedy should not be reinstatement of their case.  It is

axiomatic that a represented plaintiff is not permitted to reopen a judgment simply

because of a perception of bad lawyering.  Indeed, "keeping this suit alive merely

because [Plaintiffs] should not be penalized for the omissions of [their] own

attorney would be visiting the sins of [Plaintiffs'] lawyer upon the [Defendants]."

<u>Link</u>, 370 U.S. at 634, n 10.  Instead, Plaintiffs must pursue other actions for redress.  <u>Id</u>.

Plaintiffs chose their attorney as their representative in this action, and Plaintiffs cannot now avoid the consequences of the acts or omissions of their freely selected agent.  <u>Id</u>. at 634.  "Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.  <u>Id</u>. (citations omitted).

## **<u>CONCLUSION</u>**

Based on the foregoing, ConAgra respectfully requests that this Court enter an Order denying Plaintiffs' Motion to Alter or Amend Judgment.

Respectfully submitted this 10th day of March, 2010.

CONAGRA FOODS, INC.
WAL-MART STORES, INC.
BY COUNSEL:


      /s/ Andrew G. Phillips
James H. Walsh, Esquire
VSB No. 15113
Bethany G. Lukitsch, Esquire
VSB No. 42859
McGUIREWOODS LLP
901 East Cary Street
Richmond, Virginia  23219
(804) 775-4356
(804) 698-2200 (Facsimile)

James F. Neale, Esquire
VSB No. 43060
McGUIREWOODS LLP
310 Fourth Street, N.E., Suite 300
Charlottesville, Virginia 22902
(434) 977-2582
(434) 980-2263 (Facsimile)

Angela M. Spivey, Esquire
GA Bar No. 672522
Andrew G. Phillips
GA Bar No. 575627
McGUIREWOODS LLP
1170 Peachtree Street, N.E.
Suite 2100
Atlanta, Georgia 30309-7649
(404) 443-5720
(404) 443-5792 (Facsimile)

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: CONAGRA PEANUT BUTTER PRODUCTS LIABILITY LITIGATION | ) ) ) ) | CIVIL ACTION NO. 1:07-MD-1845-TWT |
| ********************* | ) ) | ******************* |
| JANIS FREEMAN and KAY MOORES, | ) ) ) ) | CIVIL ACTION NO. 1:09-CV-0914-TWT |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| CONAGRA FOODS, INC. and WAL-MART STORES, INC., | ) ) ) | |
| Defendants. | ) ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of March, 2010, I electronically filed

the foregoing pleading with the Clerk of the Court using the ECF system, which

sent notification of such filing to lead and liaison counsel and all counsel of record,

and that I mailed a true and correct copy of the foregoing pleading to Plaintiffs

Freeman and Moores via First Class U.S. Mail, postage prepaid.

/s/ Andrew G. Phillips
Andrew G. Phillips
