IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE CONAGRA PEANUT BUTTER PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1845<br>1:07-md-1845-TWT |
| PATRICIA J. LADD,<br>    Plaintiff,<br>    v.<br>CONAGRA FOODS, INC.,<br>    Defendant. | CIVIL ACTION FILE<br>NO. 1:08-CV-452-TWT |

ORDER

This is a personal injury action. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 1905], which is DENIED.

I. Introduction

This case arises out of ConAgra Foods, Inc.'s 2007 recall of Peter Pan and Great Value peanut butter, after the CDC and FDA reported an association between these products and Salmonella Tennessee. Plaintiff Patricia Ladd says that she ate Great Value peanut butter with a 2111 product code in January 2007 and experienced diarrhea, vomiting, abdominal cramping, and fever shortly thereafter. She was

hospitalized from January 24 to January 29. Her doctor diagnosed her with Salmonellosis, a bacterial infection caused by Salmonella Tennessee.

Ladd sued ConAgra in the United States District Court for the Southern District of Texas, alleging that contaminated peanut butter manufactured by ConAgra caused her illness. The case was consolidated in a Multi-District Litigation Proceeding before this Court. ConAgra now moves for summary judgment against Ladd.

## II.  Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

III.  Discussion

ConAgra says that Ladd cannot show that contaminated peanut butter caused her illness.  Shortly after her symptoms began, Ladd visited Dr. Ben Garza.  On January 17, 2007, he took a stool sample to test for ova and parasites.  The test showed that she had Ascarsis (roundworm), which causes similar symptoms.  It did not show that she had salmonella.  ConAgra says that no reasonable jury could conclude based on this evidence that contaminated peanut butter, rather than Ascarsis, caused Ladd's symptoms.

Ladd disagrees.  She says that Dr. Garza's affidavit testimony creates a genuine issue of fact as to whether contaminated peanut butter caused her illness.  Dr. Garza examined Ladd several times between January 2007 and March 2007.  In his affidavit, he says that the January 17 stool culture checked for ova (eggs) and parasites, not salmonella.  (Garza Affidavit at 2.)  This explains why the culture did not show salmonella bacteria.  He also says that Ascarsis could not have caused all of Ladd's symptoms.  He explains that her symptoms persisted well after he successfully treated her for Ascarsis, which means that something else was causing her symptoms.  (Id. at 3.)  He further explains that he did not perform a second stool culture to test for salmonella because Ladd had already received antibiotic treatment, which causes a negative result on stool cultures.  (Id. at 4.)  Finally, he says that he performed a

complete differential diagnosis and believes "with reasonable medical probability" that contaminated peanut butter caused Ladd's illness. (Id.) This testimony is enough to create a genuine issue of fact as to causation. Therefore, ConAgra is not entitled to summary judgment.

## IV. Conclusion

For the reasons stated above, the Defendant's Motion for Summary Judgment [Doc. 1905] is DENIED.

SO ORDERED, this 29 day of September, 2010.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge