IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE CONAGRA PEANUT BUTTER PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1845 1:07-md-1845-TWT |
| JAMES DAVIS,    Plaintiff,      v. CONAGRA FOODS, INC., et al.,    Defendants. | CIVIL ACTION FILE NO. 1:10-CV-235-TWT |

ORDER

This is a personal injury action.  It is before the Court on the Defendants'
Motion for Summary Judgment [Doc. 2086], which is GRANTED.

I.   Introduction

This case arises out of Defendant ConAgra's 2007 recall of Peter Pan and Great
Value peanut butter, after the CDC and FDA reported an association between these
products and Salmonella Tennessee.  Each jar of recalled peanut butter had a product
code stamped on its lid beginning with the numbers 2111.  The 2111 designation
indicates that the peanut butter was manufactured by ConAgra at its Sylvester,
Georgia plant.  The remaining numbers in the product code indicate the date, time, and

manufacturing line on which the jar of peanut butter was manufactured.  During discovery, the Plaintiff provided ConAgra with the lid code from the allegedly contaminated peanut butter that he consumed and information about when his symptoms began.  His responses show that his symptoms began before the allegedly contaminated peanut butter was manufactured.  Therefore, the Defendants move for summary judgment on causation grounds.

## II.  Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56 Other references(c).  The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

III.  Discussion

The Plaintiff says that he was injured by eating contaminated peanut butter. However, the undisputed evidence shows that ConAgra's peanut butter could not have caused the Plaintiff's alleged injuries because the allegedly contaminated peanut butter was manufactured after the Plaintiff's symptoms began.  He says that he became ill in November 2006.  He says that the jar of peanut butter from which he ate bore the lid code 21117009000606B.  This lid code indicates that the peanut butter in the jar was manufactured on January 9, 2007.  Peanut butter manufactured in January 2007 could not have made the Plaintiff sick in November 2006.

Moreover, the Plaintiff's medical records show that he was infected with Salmonella Javiana, not Salmonella Tennessee.  (Defs.' Mot. for Summ. J., Ex. 8.) The CDC and FDA reported an association between Peter Pan and Great Value peanut butter and Salmonella Tennessee, but they did not find an association between the peanut butter and any other serotype of Salmonella.  Accordingly, the Plaintiff cannot show that he ate contaminated peanut butter or that contaminated peanut butter caused his injury.  Therefore, the Defendants are entitled to summary judgment.

IV.   <u>Conclusion</u>

For the reasons stated above, the Defendants' Motion for Summary Judgment

[Doc. 2086] is GRANTED.

SO ORDERED, this 15 day of December, 2010.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge