IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE CONAGRA PEANUT BUTTER PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1845<br>1:07-md-1845-TWT |
| KIMBERLY ABRAHAM individually and as next friend of Autumn Abraham, a minor, et al.,<br><br>  Plaintiffs,<br><br>   v.<br><br>CONAGRA FOODS, INC.,<br><br>  Defendant. | CIVIL ACTION FILE<br>NO. 1:09-CV-2844-TWT |

ORDER

This is a personal injury action. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 2128], which is GRANTED as to the following plaintiffs: Kenneth Vest, Lewis Bryant, Chaneka Dangerfield, and Bertha Hardy.

T:\ORDERS\09\ConAgra\09cv2844\msj2mlh.wpd

I.  Introduction

This case arises out of Defendant ConAgra's 2007 recall of Peter Pan and Great Value peanut butter, after the CDC and FDA reported an association between these products and Salmonella Tennessee.  Plaintiffs Lewis Bryant, Kenneth Vest, Chaneka Dangerfield, and Bertha Hardy claim that they became ill after eating contaminated peanut butter.  ConAgra now moves for summary judgment against these plaintiffs on causation grounds.

II.  Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56 Other references(c).  The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

III.  Discussion

A.  Plaintiffs Bryant and Vest

Plaintiffs Kenneth Vest and Lewis Bryant say that they were injured by eating contaminated peanut butter.  However, the undisputed evidence shows that ConAgra's peanut butter could not have caused the plaintiffs' alleged injuries because the allegedly contaminated peanut butter was manufactured after the plaintiffs' symptoms began.

Bryant says that he became ill in November 2006.  Bryant Fact Sheet at 1-2.  He says that the jar of peanut butter from which he ate bore the lid code 21117003001448B.  Id. at 4-5.  This lid code indicates that the peanut butter in the jar was manufactured on January 3, 2007.  Peanut butter manufactured in January 2007 could not have made Bryant sick in September 2006.

Likewise, Vest says that he became ill in December 2004.  Vest Fact Sheet at 1-2.  He says that the jars of peanut butter from which he ate bore the lid codes 211161180018474 and 21116053001212A.  Id. at 4-5.  These lid codes indicate that the peanut butter in the jars was manufactured on April 28, 2006, and February 22, 2006.  Peanut butter manufactured in 2006 could not have made Bryant sick in December 2004.

Furthermore, Vest and Bryant each submitted stool cultures that were negative for Salmonella and positive for other pathogens. Bryant's culture tested positive for clostridium difficile, and Vest's culture tested positive for helicobacter pylori bacteria. Accordingly, ConAgra is entitled to summary judgment against Bryant and Vest.

B.  Plaintiffs Hardy and Dangerfield

Plaintiffs Bertha Hardy and Chaneka Dangerfield also say that they were injured by eating contaminated peanut butter. However, like Vest and Bryant, both plaintiffs submitted stool and urine samples that were negative for Salmonella and positive for another pathogen - in this case, E.Coli. Based on this evidence, the plaintiffs cannot show that contaminated peanut butter caused their injury. Accordingly, ConAgra is entitled to summary judgment against Hardy and Dangerfield.

IV.  Conclusion

For the reasons stated above, the Defendant's Motion for Summary Judgment [Doc. 2098] is GRANTED.

SO ORDERED, this 17 day of February, 2011.


        /s/Thomas W. Thrash
        THOMAS W. THRASH, JR.
        United States District Judge