IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE CONAGRA PEANUT BUTTER PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1845 1:07-md-1845-TWT |

| | |
|---|---|
| TIMOTHY T. MITCHELL Individual; and as next friend for Jacqueline E. Mitchell, a minor child; and as next friend for Adam D. Mitchell, a minor child, et al., | |
| Plaintiffs, | |
| v. | CIVIL ACTION FILE NO. 1:08-CV-3701-TWT |
| CONAGRA FOODS, INC., | |
| Defendant. | |

ORDER

This is a personal injury action.  It is before the Court on the Plaintiffs' Motion

for Reconsideration [Doc. 2026], which is DENIED.

I.   Introduction

This case arises out of Defendant ConAgra's 2007 recall of Peter Pan and Great

Value peanut butter, after the CDC and FDA reported an association between these

products and Salmonella Tennessee.  After the recall, many consumers, including the

Mitchell family, sued ConAgra alleging that they contracted Salmonellosis, a bacterial

infection caused by Salmonella Tennessee, after eating Peter Pan or Great Value peanut butter.  The lawsuits were consolidated by the MDL panel in this Court for pretrial proceedings.

On July 7, 2010, ConAgra moved for summary judgment against Timothy, Donna Kay, Jacqueline, and Adam Mitchell [Doc. 1741].  The motion was submitted without opposition on August 6, 2010.  Before ruling on ConAgra's summary judgment motion, the Court dismissed the Mitchell case for failure to comply with the case status report requirement.  Shortly thereafter, the Mitchells moved for reconsideration [Doc. 1958], and on September 15, 2010, the Court reinstated their case [Doc. 1970].

The following day, the Court granted summary judgment against the Mitchells on causation grounds [Doc. 1976].  The fact sheets submitted by the Mitchells stated that their symptoms began in August 2006.  They submitted a photograph of the jar of peanut butter that allegedly caused their illness.  The lid code on the jar in the photograph was 211163520015190, which indicates that the peanut butter was manufactured on December 18, 2006.  Because peanut butter manufactured in December 2006 could not have made the Mitchells sick in August 2006, the Court granted summary judgment.  The Mitchells now move for reconsideration of that order.  They complain that (1) they did not receive notice of the summary judgment

motion, (2) their fact sheet indicates that they ate peanut butter from other jars, and (3) the prior dismissal mooted the motion.

## II.  Motion for Reconsideration Standard

Rule 59(e) of the Federal Rules of Civil Procedure authorizes district courts upon motion to alter or amend a judgment.  <u>See</u> Fed. R. Civ. P. 59(e).  "The decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion."  <u>American Home Assurance Co. v. Glenn Estess & Assocs.</u>, 763 F.2d 1237, 1238-39 (11th Cir. 1985). The Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration. Nevertheless, such motions are common in practice.

Local Rule 7.2 provides that motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary." L.R. 7.2E. A party may move for reconsideration only when one of the following has occurred: "an intervening change in controlling law, the availability of new evidence, [or] the need to correct clear error or prevent manifest injustice."  <u>Godby v. Electrolux Corp.</u>, No. 1:93-CV-0353-ODE, 1994 WL 470220, at *1 (N.D. Ga. May 25, 1994).  Further, a party "may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its

mind." <u>Brogdon v. National Healthcare Corp.</u>, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000).

### III.   Discussion

The Mitchells first argue that they did not receive notice of ConAgra's summary judgment motion.  However, to the extent that the Mitchells did not receive notice of the motion, it is because their counsel waited nearly 22 months after this case was transferred before registering for the Court's CM/ECF filing system. This MDL proceeding involved hundreds of cases and thousands of plaintiffs.  The only practical way to serve counsel in all of these cases was through the Court's CM/ECF system.  These Plaintiffs' failure to register for CM/ECF and failure to monitor the docket does not relieve them of their duty to respond to motions and prosecute their case. Accordingly, this is not grounds for reconsideration.

The Mitchells next argue that ConAgra omitted relevant information from its summary judgment brief.  The Mitchells each attached a nine-page "time line" to their fact sheets.  The time line explained that they were "brand-loyal" and "ate Peter Pan peanut butter regularly."  In their brief, the Mitchells say that they ate from jars other than the jar with the 211163520015190 lid code, and explain that these other jars probably made them sick.

Even if the Mitchells had raised this argument in a timely response brief, ConAgra would still have been entitled to summary judgment. This Court has previously granted summary judgment where a plaintiff could not produce (1) a lid code showing that the peanut butter he consumed was manufactured by ConAgra during the outbreak period, (2) a blood, urine, or stool sample showing that his symptoms were caused by a Salmonella infection, or (3) a differential diagnosis ruling out other likely causes of his symptoms. Without the "211163520015190" lid code, the Mitchells appear to have none of these.

The Mitchells also request reconsideration on procedural grounds. They say the dismissal and subsequent reinstatement of their case rendered the then-pending summary judgment motion moot. They cite no authority for this position. Nor do they explain how ConAgra's failure to "renew" its summary judgment motion unfairly prejudiced them. Because the motion was briefed and submitted before the dismissal, it was entirely proper for the Court to rule on the summary judgment motion when the case was reinstated. Accordingly, the Mitchells are not entitled to reconsideration.

## IV.   Conclusion

For the reasons stated above, the Plaintiffs' Motion for Reconsideration [Doc. 2026] is DENIED.

SO ORDERED, this 11 day of April, 2011.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge