IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE CONAGRA PEANUT BUTTER PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1845 1:07-md-1845-TWT |
| DAYSHA DOSS Individually, et al., | |
| Plaintiffs, | |
| v. | CIVIL ACTION FILE NO. 1:11-CV-4474-TWT |
| CONAGRA FOODS, INC. a Delaware Corporation, | |
| Defendant. | |

ORDER

This is a personal injury case. It is before the Court on the Defendant's Partial

Motion to Dismiss [Doc. 6]. For the reasons set forth below, the Court GRANTS IN

PART and DENIES IN PART the Defendant's Motion, and GRANTS the Plaintiffs

leave to file an amended complaint.

I. Background

This action arose out of the distribution by ConAgra of peanut butter that was

contaminated by Salmonella bacteria. The contaminated peanut butter was

manufactured at the Defendant's plant in Sylvester, Georgia. It is undisputed that hundreds of people got sick after eating the contaminated peanut butter. On February 14, 2007, the Food and Drug Administration issued a national warning advising people not to eat from certain jars of ConAgra's Peter Pan brand or Great Value brand peanut butter due to a risk of bacteria contamination. At the same time, the FDA announced a recall of the implicated peanut butter. The FDA specifically identified the presence in the peanut butter of Salmonella bacteria. The contaminated jars of peanut butter were all manufactured at ConAgra's plant in Sylvester, Georgia and bore a product code beginning with "2111."

The Plaintiffs are Daysha Doss in her individual capacity, and Daysha Doss in her capacity as natural parent and guardian of the minor Alaina Doss. They have brought an action for injuries suffered by Daysha and her then-unborn daughter Alaina from infected ConAgra peanut butter, which Daysha consumed in Kentucky. The Plaintiffs have brought claims of strict liability, breach of warranty, negligence, negligence *per se*, nuisance, punitive damages, and litigation expenses. In its Partial Motion to Dismiss, the Defendant asks this Court to dismiss the Plaintiffs' claims for breach of warranty, negligence *per se*, nuisance, punitive damages, and litigation expenses.

## II.  Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).  A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."  Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).  In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.  See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").  Generally, notice pleading is all that is required for a valid complaint.  See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 127 S.Ct. at 1964).

III.   Discussion

A.   Choice-of-Law

The Court is bound by <u>Erie Railroad Co. v. Tompkins</u>, 304 U.S. 64, 78 (1938), and its progeny to apply Georgia's choice of law provisions to determine whether Texas or Georgia law applies to the Plaintiff's claim at issue here.  In <u>Klaxon v. Stentor Electric Manufacturing Co.</u>, 313 U.S. 487, 496 (1941), the United States Supreme Court held that a federal district court must apply the choice of law rules of the state in which it sits to determine what state's law to apply.  <u>See</u> <u>also</u> <u>Day & Zimmermann, Inc. v. Challoner</u>, 423 U.S. 3, 4-5 (1975) (reaffirming <u>Klaxon</u> decision). The Court, therefore, looks to Georgia's choice of law rules to determine whether Georgia or Kentucky law applies in this case.

For tort claims, the rule in Georgia is *lex loci delicti*. <u>Dowis v. Mud Slingers, Inc.</u>, 279 Ga. 808, 816 (2005).  *Lex loci delicti* is the substantive law of the place where the wrong occurred. <u>International Bus. Machs. Corp. v. Kemp</u>, 244 Ga. App. 638, 640 (2000). The wrong occurred "where the last event occurred necessary to make an actor liable for the alleged tort." <u>Id.</u>  The last event necessary to make an actor liable for a tort is usually an injury. <u>See</u> <u>Mullins v. M.G.D. Graphics Sys. Group</u>, 867 F. Supp. 1578, 1580 (N.D. Ga. 1994). The Plaintiffs' injury occurred in Kentucky.

Although the rule in Georgia is *lex loci delicti*, there are exceptions if the *lex loci delicti* is foreign law. One exception is the application of common law. Foreign law does not apply if "no foreign statutes are 'involved.'" In re Tri-State Crematory Litig., 215 F.R.D. 660, 678 (N.D. Ga. 2003); see Kirkpatrick v. J.C. Bradford & Co., 827 F.2d 718, 725 n.6 (11th Cir. 1987); Leavell v. Bank of Commerce, 169 Ga. App. 626, 627 (1984). The Plaintiffs' allegations implicate the following statutes: K.R.S. § 355.2-318 (Breach of Warranty); K.R.S. § 446.070 (Negligence); K.R.S. § 411.500, *et seq.* (Nuisances); K.R.S. § 411.184 (Punitive Damages).

Laws providing for punitive damages and attorneys' fees are substantive laws, and thus Georgia's choice of law principals, the *lex loci delicti* apply to these laws as well. See ProfiTel Group, LLC v. PolyOne Corp., 1:05-CV-1764, 2006 U.S. Dist. LEXIS 44987, at *31-*33 (N.D. Ga. June 16, 2006). However, while the Defendant identified a foreign statute for punitive damages, the Defendant did not identify a foreign statute for attorneys' fees. Therefore, the Court will apply Georgia law for the litigation expenses claim.

B.    Breach of Warranty

Kentucky law applies to this claim, pursuant to K.R.S. § 355.2-318. Under Kentucky law, "breach of warranty is not a viable theory in a personal injury claim for

a product sold in a defective condition unless there is privity of contract, except in limited circumstances specified in [K.R.S. § 355.2-318]." <u>Real Estate Mktg. v. Franz</u>, 885 S.W.2d 921, 926 (Ky. 1994), <u>overruled on other grounds by</u> <u>Giddings v. Lewis, Inc. v. Industrial Risk Insurers</u>, 348 S.W.3d 729 (Ky. 2011); <u>also</u> <u>see</u> <u>Allen v. Abbott Labs.</u>, No. 11-CV-146-DLB, 2012 U.S. Dist. LEXIS 363, at *14-*16 (E.D. Ky. Jan. 3, 2012). The Plaintiffs did not allege that they engaged in a buyer-seller relationship with ConAgra, in which Daysha directly bought the product from the Defendant. The claim is dismissed.

C.    <u>Negligence Per Se</u>

Kentucky law applies to this claim, pursuant to K.R.S. § 446.070, which states that "[a] person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation." <u>Id.</u>; <u>also</u> <u>see</u> <u>T & M Jewelry, Inc. v. Hicks</u>, 189 S.W.3d 526, 530 (Ky. 2006) ("K.R.S. § 446.070 codifies the doctrine of negligence *per se* in Kentucky."). "K.R.S. § 446.070 has been held to be limited to Kentucky statutes and not to federal statutes or local ordinances." <u>T & M Jewelry</u>, 189 S.W.3d at 530. The Plaintiffs have not pled the violation of a Kentucky statute on this claim. Rather than dismissing the claim, the Court will grant the Plaintiffs leave to amend their Complaint to cite a Kentucky statute on negligence *per se*.

D.    Nuisance

The Plaintiffs present a claim for nuisance in a products liability action. Kentucky law applies to this claim, pursuant to K.R.S. § 411.500, *et seq.* Kentucky law provides that a private nuisance involves a "substantial interference with the plaintiff's use and enjoyment of his own land...." Monticello v. Rankin, 521 S.W.2d 79, 80 (Kt. Ct. App. 1975). Here there was only an alleged physical injury. Moreover, only plaintiffs who have "suffered harm of a kind different from that suffered by other members of the public" can bring a public nuisance claim. Roberie v. Vonbokern, No. 2004-SC-000250-DG, 2006 Ky. LEXIS 186, at *11 (Ky. 2006). In this case, the Plaintiffs are alleging that all of the injuries related to ConAgra's peanut better were from Salmonella bacteria.

Even if Georgia law applied, which it does not, the Court would still dismiss this claim. Georgia private nuisance law similarly requires "a nontrespassory invasion of another's interest in the private use and enjoyment of land." Landings Ass'n v. Williams, 309 Ga. App. 321, 329 n.16 (2011), rev'd on other grounds by Landings Ass'n v. Williams, 728 S.E.2d 577 (Ga. 2012). A public nuisance claim may only be valid in Georgia when "all members of the public who [came] into contact" with the activity were injured. White v. Ga. Power Co., 265 Ga. App. 664, 667 (2004). In ConAgra's case, the vast majority of the recalled peanut butter was free of

contamination.

E.    Litigation Expenses

The Defendant has not identified a Kentucky statute pertaining to attorneys' fees, and thus the lex fori applies.  Pursuant to O.C.G.A. § 13-6-11, attorneys' fees and other litigation expenses may be recovered where a party specifically has pleaded for them and the opposing party has acted in bad faith, has been stubbornly litigious, or has caused unnecessary trouble and expense.  Dismissing this claim is not proper at this stage of the litigation.

F.    Punitive Damages

Punitive damages is not a separate cause of action under Kentucky law.  Bland v. Abbott Labs., No. 3:11-CV-430-H, 2012 U.S. Dist. LEXIS 1732, at * 3 (W.D. Ky. Jan. 6, 2012); Shibeshi v. Alice Lloyd College, No. 11-CV-101-ART, 2011 U.S. Dist. LEXIS 120930, at *12 (E.D. Ky. Oct. 19, 2011).  Punitive damages are not available under Kentucky law unless the Plaintiffs prove by "clear and convincing evidence that [ConAgra] acted toward the [Plaintiffs] with oppression, fraud or malice."  K.R.S. § 411.184.  The Court will not deny the Plaintiffs the opportunity to uncover evidence in discovery which would support an award of punitive damages.

## IV. Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART the Defendant's Partial Motion to Dismiss [Doc. 6], and GRANTS the Plaintiffs leave to file an amended complaint.

SO ORDERED, this 29 day of August, 2012.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge