IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE CONAGRA PEANUT<br>BUTTER PRODUCTS LIABILITY<br>LITIGATION | MDL DOCKET NO. 1845<br>1:07-md-1845-TWT |
| TAYLOR ELANDER<br>a minor, by and through Twyla<br>Elander, her Natural Parent, Guardian,<br>and Next Friend, et al.,<br><br>   Plaintiffs,<br><br>     v.<br><br>CONAGRA FOODS, INC.<br>a Delaware Corporation,<br><br>   Defendant. | CIVIL ACTION FILE<br>NO. 1:11-CV-4475-TWT |

ORDER

This is a personal injury case. It is before the Court on the Defendant's Partial Motion to Dismiss [Doc. 6]. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART the Defendant's Motion.

I. Background

This action arose out of the distribution by ConAgra of peanut butter that was contaminated by Salmonella bacteria. The contaminated peanut butter was

manufactured at the Defendant's plant in Sylvester, Georgia. It is undisputed that hundreds of people got sick after eating the contaminated peanut butter. On February 14, 2007, the Food and Drug Administration issued a national warning advising people not to eat from certain jars of ConAgra's Peter Pan brand or Great Value brand peanut butter due to a risk of bacteria contamination. At the same time, the FDA announced a recall of the implicated peanut butter. The FDA specifically identified the presence in the peanut butter of Salmonella bacteria. The contaminated jars of peanut butter were all manufactured at ConAgra's plant in Sylvester, Georgia and bore a product code beginning with "2111."

The Plaintiffs, Taylor Elander, and her mother, Twyla Elander, have brought an action for injuries suffered to Taylor Elander's person from infected ConAgra peanut butter that she consumed in Texas. The Plaintiffs have brought claims of strict liability, breach of warranty, negligence, negligence *per se*, nuisance, punitive damages, and litigation expenses. In its Partial Motion to Dismiss, the Defendant asks this Court to dismiss Taylor Elander's claims for breach of implied warranty of fitness for a particular purpose, negligence *per se*, nuisance, punitive damages, and litigation expenses, and all of Twyla Elander's claims.

## II. Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that

the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 127 S.Ct. at 1964).

### III. Discussion

#### A. Choice-of-Law

The Court is bound by Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78 (1938),

and its progeny to apply Georgia's choice of law provisions to determine whether Texas or Georgia law applies to the Plaintiff's claim at issue here. In Klaxon v. Stentor Electric Manufacturing Co., 313 U.S. 487, 496 (1941), the United States Supreme Court held that a federal district court must apply the choice of law rules of the state in which it sits to determine what state's law to apply. See also Day & Zimmermann, Inc. v. Challoner, 423 U.S. 3, 4-5 (1975) (reaffirming Klaxon decision). The Court, therefore, looks to Georgia's choice of law rules to determine whether Georgia or Texas law applies in this case.

For tort claims, the rule in Georgia is *lex loci delicti*. Dowis v. Mud Slingers, Inc., 279 Ga. 808, 816 (2005). *Lex loci delicti* is the substantive law of the place where the wrong occurred. International Bus. Machs. Corp. v. Kemp, 244 Ga. App. 638, 640 (2000). The wrong occurred "where the last event occurred necessary to make an actor liable for the alleged tort." Id. The last event necessary to make an actor liable for a tort is usually an injury. See Mullins v. M.G.D. Graphics Sys. Group, 867 F. Supp. 1578, 1580 (N.D. Ga. 1994). The Plaintiff's injury occurred in Texas.

Although the rule in Georgia is *lex loci delicti*, there are exceptions if the *lex loci delicti* is foreign law. One exception is the application of common law. Foreign law does not apply if "no foreign statutes are 'involved.'" In re Tri-State Crematory Litig., 215 F.R.D. 660, 678 (N.D. Ga. 2003); see Kirkpatrick v. J.C. Bradford & Co.,

827 F.2d 718, 725 n.6 (11th Cir. 1987); Leavell v. Bank of Commerce, 169 Ga. App. 626, 627 (1984). The Plaintiff's allegations implicate the following statutes: Tex. Civ. Prac. & Rem. Code § 82.001, *et seq.* (Products Liability); Tex. Civ. Prac. & Rem. Code § 125.001, *et seq.* (Common and Public Nuisances); Tex. Civ. Prac. & Rem. Code § 41.003 (Exemplary Damages).

Laws providing for punitive damages and attorneys' fees are substantive laws, and thus Georgia's choice of law principals, the *lex loci delicti* apply to these laws as well. See ProfiTel Group, LLC v. PolyOne Corp., 1:05-CV-1764, 2006 U.S. Dist. LEXIS 44987, at *31-*33 (N.D. Ga. June 16, 2006). However, while the Defendant identified a foreign statute for punitive damages, the Defendant did not identify a foreign statute for attorneys' fees. Therefore, the Court will apply Georgia law for the litigation expenses claim.

### B.  Twyla Elander

Twyla Elander does not have a claim for physical injuries to herself. She cannot be a plaintiff in this matter asserting those claims. Also, she was not a party to the Tolling Agreement and her claims are time barred. (Tolling Agreement ¶ 2.) She is dismissed in her individual capacity.

### C.  Breach of Implied Warranty of Fitness for a Particular Purpose

The Plaintiff agrees to dismiss this claim. The claim is dismissed.

D. Negligence Per Se

Texas law applies to this claim, pursuant to Tex. Civ. Prac. & Rem. Code § 82.001(2), which covers "any action against a manufacturer or seller for recovery of damages arising out of personal injury...allegedly caused by a defective product." Id. Under Texas law, negligence *per se* is not an independent cause of action. Reynolds v. Murphy, 188 S.W.3d 252, 267 n.20 (Tex. Ct. App. 2006); Saenz v. J.D. Rodriguez Produce & Trucking Co., No. 04-99-00867-CV, 2000 Tex. App. LEXIS 8596, at *9-*10 (Tex. Ct. App. 2000); Wal-Mart Stores v. Seale, 904 S.W.2d 718, 720 (Tex. Ct. App. 1995); Zavala v. Trujillo, 883 S.W.2d 242, 246 (Tex. Ct. App. 1994). Rather, negligence *per se* is merely a method of proving the breach of duty required in any negligence cause of action. Zavala, 883 S.W.2d at 246. This claim is dismissed.

E. Nuisance

The Plaintiff presents a claim for nuisance in a products liability action. Whether Texas or Georgia law applies to this claim, the Court dismisses it. Texas law provides that either a private nuisance or public nuisance requires an interference with the use of the plaintiff's property. See Braxton v. Chin Tuo Chen, No. 06-10-00134-CV, 2011 Tex. App. LEXIS 7414, at *24 (Tex. App. 2011) ("A private nuisance is a

nontrespassory invasion of another's interest in the private use or enjoyment of land"); McQueen v. Burkhart, 290 S.W.2d 577, 579 (Tex. App. 1956) (a private citizen in a public nuisance suit must "prove that [the public nuisance] causes special and material injury to some property right of his."). Here there was only an alleged physical injury.

Georgia private nuisance law similarly requires "a nontrespassory invasion of another's interest in the private use and enjoyment of land." Landings Ass'n v. Williams, 309 Ga. App. 321, 329 n.16 (2011), rev'd on other grounds by Landings Ass'n v. Williams, 728 S.E.2d 577 (Ga. 2012). A public nuisance claim may only be valid in Georgia when "all members of the public who [came] into contact" with the activity were injured. White v. Georgia Power Co., 265 Ga. App. 664, 667 (2004). In ConAgra's case, the vast majority of the recalled peanut butter was free of contamination.

### F. Litigation Expenses

The Defendant has not identified a Texas statute pertaining to attorneys' fees, and thus the *lex fori* applies. Pursuant to O.C.G.A. § 13-6-11, attorneys' fees and other litigation expenses may be recovered where a party specifically has pleaded for them and the opposing party has acted in bad faith, has been stubbornly litigious, or has caused unnecessary trouble and expense. Dismissing this claim is not proper at this stage of the litigation.

G. <u>Punitive Damages</u>

Punitive damages are not available under Texas law unless the Plaintiff "proves by clear and convincing evidence that the harm...results from: (1) fraud; (2) malice; or (3) gross negligence." Tex. Crim. Prac. & Rem. Code § 41.003(a). The Court will not dismiss this claim at the pleadings stage of the litigation.

IV. <u>Conclusion</u>

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART the Defendant's Partial Motion to Dismiss [Doc. 6].

SO ORDERED, this 29 day of August, 2012.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge