IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE CONAGRA PEANUT BUTTER PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1845 1:07-md-1845-TWT |
| | |
| TAYLOR ELANDER a minor, by and through Twyla Elander, her Natural Parent, Guardian, and Next Friend, et al., | |
| Plaintiffs, | |
| v. | CIVIL ACTION FILE NO. 1:11-CV-4475-TWT |
| CONAGRA FOODS, INC. a Delaware Corporation, | |
| Defendant. | |

ORDER

This is a personal injury case.  It is before the Court on the Defendant's Motion for Partial Summary Judgment on Claims for Punitive Damages and Litigation Expenses [Doc. 21].  For the reasons set forth below, the Court GRANTS the Defendant's Motion for Partial Summary Judgment.

## I.  <u>Background</u>

This action arose out of the distribution by ConAgra of peanut butter that was contaminated by Salmonella bacteria. The contaminated peanut butter was manufactured at the Defendant's plant in Sylvester, Georgia. It is undisputed that hundreds of people got sick after eating the contaminated peanut butter. On February 14, 2007, the Food and Drug Administration issued a national warning advising people not to eat from certain jars of ConAgra's Peter Pan brand or Great Value brand peanut butter due to a risk of bacteria contamination. At the same time, the FDA announced a recall of the implicated peanut butter. The FDA specifically identified the presence in the peanut butter of Salmonella bacteria. The contaminated jars of peanut butter were all manufactured at ConAgra's plant in Sylvester, Georgia and bore a product code beginning with "2111."

The Plaintiff, Taylor Elander, brought an action for injuries suffered to her person from infected ConAgra peanut butter that she consumed in Texas.  The Plaintiff brought claims of strict liability, breach of warranty, negligence, negligence *per se*, nuisance, punitive damages, and litigation expenses.  The Court dismissed the claims for breach of warranty, negligence *per se*, and nuisance in its Order of August 29, 2012 [Doc. 25].  On August 23, 2012, the Defendant filed this Motion for

Summary Judgment on Claims for Punitive Damages and Litigation Expenses [Doc. 21].

## II.  Motion for Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III.  Discussion

### A.    Punitive Damages

Texas law applies to the Plaintiff's punitive damages claim [Doc. 25, at 5, 8]. Punitive damages are not available under Texas law unless the Plaintiff "proves by clear and convincing evidence that the harm...results from: (1) fraud; (2) malice; or (3) gross negligence."  Tex. Civ. Prac. & Rem. Code § 41.003(a).  In response to the

Defendant's motion, the Plaintiff sought to dismiss the claim for punitive damages without prejudice. Essentially, the Plaintiff has abandoned the claim. Therefore, the Defendant's motion should be granted as to this claim.

      B.     <u>Attorneys' Fees</u>

The Defendant reiterates its argument that Texas law should apply to the claim for litigation expenses. After consideration, the Court still holds that Georgia law applies to this claim [Doc. 25, at 5, 7]. The Defendant argues that because the remaining claims for strict liability and negligence will be decided pursuant to Texas statutory law, that the claim for attorneys' fees, which is derivative of the other claims, must also be decided pursuant to Texas law (in this case Texas common law because there is no applicable statute). Each of the cases cited by the Defendant is distinguishable from the factual pattern here. In <u>ProfiTel Group, LLC v. PolyOne Corp.</u>, No. 1:05-CV-1764, 2006 U.S. Dist. LEXIS 44987 (N.D. Ga. June 16, 2006); <u>Elberta Crate & Box Co. v. Cox Automation Sys.</u>, No. 6:05-CV-03, 2005 U.S. Dist. LEXIS 17490 (M.D. Ga. Aug. 16, 2005); and <u>Pinkerton & Laws, Inc. v. Royal Ins. Co.</u>, 227 F. Supp. 2d 1348 (N.D. Ga. 2002), choice of law was determined by a contract, which stated that the law of a state foreign to Georgia would govern the matter. These cases held that because statutes allowing for recovery of attorneys' fees, including O.C.G.A. § 13-6-11, are substantive rather than procedural for

purposes of <u>Erie Railroad Co. v. Tompkins</u>, 304 U.S. 64, 78 (1938), the court would not apply O.C.G.A. § 13-6-11 where the court was directed by the parties' contract to apply the laws of the foreign state.

In the present case, the Court is not directed by contract to apply the laws of the foreign state.  According to the rule of *lex loci delicti*, Texas law would apply unless "no foreign statutes are 'involved.'" <u>In re Tri-State Crematory Litig.</u>, 215 F.R.D. 660, 677 (N.D. Ga. 2003).  The Court conducted its choice of law analysis on each claim independently, so that the Court was prepared to apply Texas law to the claims for which a relevant Texas statute was identified, and to apply Georgia law to the claims for which no relevant Texas statute was identified.  There is no applicable Texas statute for litigation expenses.  Because "there [is] no [Texas] statute [on point]...the common law governs the case, and this being so, it must be the common law as interpreted by the courts of Georgia and not of [Texas]." <u>Leavell v. Bank of Commerce</u>, 169 Ga. App. 626, 627 (1984).

Pursuant to O.C.G.A. § 13-6-11, attorneys' fees and other litigation expenses may be recovered where a party specifically has pleaded for them and the opposing party has acted in bad faith, has been stubbornly litigious, or has caused unnecessary trouble and expense.  The Plaintiff has not produced facts that create a genuine issue of material fact on any of these issues.  "Denying liability...cannot, except in perhaps

the most egregious circumstances, be seen as stubbornly litigious behavior." <u>Farley v. Zellmer</u>, No. 1:03-CV-159, 2004 U.S. Dist. LEXIS 31529, at *23-*24 (N.D. Ga. Sept. 13, 2004).  The Defendant has filed one motion prior to this Motion for Partial Summary Judgment, and the Court granted a substantial part of that motion.  The Court dismisses the claim for litigation expenses without prejudice.

IV.  <u>Conclusion</u>

For the reasons set forth above, the Court GRANTS the Defendant's Motion for Partial Summary Judgment [Doc. 21].

SO ORDERED, this 8 day of March, 2013.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge