IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE CONAGRA PEANUT BUTTER PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1845<br>1:07-md-1845-TWT |
| BETTY WASHINGTON,<br>   Plaintiff,<br>      v.<br>CONAGRA FOODS INC.,<br>a Delaware Corporation,<br>   Defendant. | CIVIL ACTION FILE<br>NO. 1:13-CV-34-TWT |

**OPINION AND ORDER**

The Defendant seeks partial summary judgment on the Plaintiff's claim for punitive damages, arguing that the Plaintiff has not provided evidence sufficient to sustain a claim for punitive damages under either District of Columbia or Georgia law. The Plaintiff argues that the Defendant willfully disregarded its need to upgrade a peanut roaster in its facilities in order to prevent the growth of bacteria.

**I. Background**

The Plaintiff, Betty Washington, alleges that she became infected with *Salmonella* after eating contaminated peanut butter manufactured at the Defendant's

Sylvester, Georgia, facility. She was hospitalized for *Salmonella* in the District of Columbia from October 26, 2006 through November 4, 2006. She claims that at trial she can show that the peanut roaster at the Sylvester plant insufficiently sterilized peanuts, and that ConAgra was aware that the roaster posed safety hazards.

ConAgra contends that it had several measures in place to ensure that its peanut butter was void of infection. Indeed, according to ConAgra, regular audits by the FDA, the Georgia Department of Agriculture, and third parties, as well as internal audits, confirmed that its procedures produced peanut butter in a manner that would prevent bacterial infection.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[1] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[2] The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.[3] The burden then shifts to the

---

[1]   FED. R. CIV. P. 56(c).

[2]   Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

[3]   Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[4] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[5]

### III. Discussion

The Defendant argues that the Plaintiff's claim for punitive damages cannot survive under either Georgia law or District of Columbia law. The Plaintiff initially filed her action in the District of Columbia. District of Columbia choice-of-law rules direct the court to determine whether a "true conflict" exists between the laws of Georgia, where the conduct allegedly causing the Plaintiff's injury occurred, or the laws of the District of Columbia, where the Plaintiff sustained her injuries.[6] The parties seem to agree that District of Columbia law would apply to the Plaintiff's claim. In any event, the Court concludes that the Plaintiff's claim for punitive damages cannot be sustained under either jurisdiction's laws.

---

[4] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[5] Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

[6] GEICO v. Fetisoff, 958 F.2d 1137, 1141 (D.C. Cir. 1992).

First, this Court previously disposed of nearly identical claims for punitive damages in Kidd v. ConAgra.[7] In that case, the Court noted that Georgia law permits punitive damages in tort actions only where the "defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences."[8] The plaintiff in Kidd, like the Plaintiff here, argued that ConAgra knew it had a faulty peanut roaster and knew the safety hazards stemming from the faulty roaster. The Court concluded that the Plaintiff's evidence, while possibly sufficient to show gross negligence, was "not enough to show that ConAgra acted willfully, maliciously, or with 'that entire want of care that would raise the presumption of conscious indifference to consequences.'"[9] Here too, the Plaintiff's evidence that ConAgra was aware of a faulty roaster at the Sylvester plant is insufficient to show ConAgra's "willful misconduct, malice, fraud, wantonness, oppression, or [its] entire want of care

---

[7]  See [Doc. 6], Case No. 1:07-CV-01415-TWT (N.D. Ga. Jul. 28, 2011).

[8]  O.C.G.A. § 51- 12-5.1(b).

[9]  Kidd v. ConAgra, [Doc. 6], Case No. 1:07-CV-01415-TWT, at 7 (N.D. Ga. Jul. 28, 2011) (quoting In re Stand 'N Seal Products Liab. Litig., 2009 U.S. Dist. LEXIS 63540, at *26 (N.D. Ga. July 15, 2009)).

which would raise the presumption of conscious indifference to consequences."[10] The Plaintiff's claim for punitive damages should be dismissed under Georgia law.

Similarly, the Plaintiff is not entitled to punitive damages under District of Columbia law. Under that law, after proving that the Defendant committed a tortious act, the Plaintiff must satisfy a two-part standard to be entitled to punitive damages. The Plaintiff is required to prove, with clear and convincing evidence, "(1) that the defendant acted with evil motive, actual malice, deliberate violence or oppression, or with intent to injure, or in willful disregard for the rights of the plaintiff; AND (2) that the defendant's conduct itself was outrageous, grossly fraudulent, or reckless toward the safety of the plaintiff."[11] Here, the Plaintiff is unable to show by clear and convincing evidence that ConAgra can be liable for punitive damages. ConAgra's evidence shows that it voluntarily undertook a hazard analysis critical control point plan years before such plans were mandated by the FDA in 2011. Likewise, ConAgra's evidence showed that it consistently reassessed the roaster in the Sylvester plant. Even giving the Plaintiff favorable inferences, her evidence can only show that ConAgra may have inappropriately minimized some of the risks associated with the

---

[10]   O.C.G.A. § 51- 12-5.1(b).

[11]   District of Columbia v. Jackson, 810 A.2d 388, 396 (D.C. 2002) (quoting Croley v. Republican Nat'l Comm., 759 A.2d 682, 695 (D.C. 2000)).

faltering roaster because of cost concerns. However, as in Kidd, the Court concludes that this conduct does not rise above gross negligence. Because ConAgra's conduct was not itself "outrageous, grossly fraudulent, or reckless toward the safety" of the Plaintiff, ConAgra cannot be liable for punitive damages under District of Columbia law. ConAgra's motion for partial summary judgment should accordingly be granted.

## IV. Conclusion

For the reasons set forth above, the Defendant's Motion for Partial Summary Judgment on the Plaintiff's Claim for Punitive Damages [Doc. 19] is GRANTED.

SO ORDERED, this 30 day of July, 2014.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge