IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE CONAGRA PEANUT BUTTER PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1845<br>1:07-md-1845-TWT |
| BETTY WASHINGTON,<br>   Plaintiff,<br>     v.<br>CONAGRA FOODS INC.,<br>a Delaware Corporation,<br>   Defendant. | CIVIL ACTION FILE<br>NO. 1:13-CV-34-TWT |

**OPINION AND ORDER**

This is a personal injury action pending in this MDL proceeding. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 26], which is DENIED.

**I. Background**

The Defendant, ConAgra Foods, Inc., manufactures all Peter Pan brand peanut butter and is one of several manufacturers of Great Value brand peanut butter.[1] On February 13, 2007, the CDC notified the Defendant of a suspected link between its

---

[1] Def.'s Statement of Facts ¶ 1.

peanut butter and Salmonella Tennessee, a strain of Salmonella.[2] The following day, the Defendant voluntarily recalled all of its peanut butter products.[3] The affected jars of peanut butter all had lid codes beginning with the numbers "2111."[4] This product was all manufactured in the Defendant's Sylvester, Georgia, plant.[5]

The Plaintiff, Betty Washington, was on a peanut butter diet in 2006, where she ate peanut butter with every meal.[6] She preferred to eat Peter Pan brand peanut butter or Great Value brand peanut butter, but would eat Jif if nothing else was available.[7] In September of 2006, Ms. Washington experienced abdominal pain, cramps, and diarrhea after eating Peter Pan peanut butter.[8] In October of 2006, Ms. Washington was hospitalized and diagnosed with a spinal abscess.[9] During that hospitalization, Ms. Washington's blood and wound cultures tested positive for Salmonella.[10] Ms.

---

[2] Id. ¶ 2.

[3] Id. ¶ 3.

[4] Id.

[5] Def.'s Mot. for Summ. J., Ex. 1.

[6] Washington Dep. at 27.

[7] Id. at 26; Pl.'s Statement of Add'l Facts ¶ 5.

[8] Washington Dep. at 54.

[9] Pl.'s Statement of Add'l Facts ¶¶ 12-15.

[10] Id. ¶ 16.

Washington continued eating peanut butter prior to her hospitalization until she was too sick to eat.[11] At the time of her hospitalization, she had Peter Pan peanut butter in her home.[12]

The Plaintiff admits that she no longer has either the jar or the lid from the Peter Pan peanut butter in her home at the time of her hospitalization.[13] She does have lid codes from jars of Great Value brand peanut butter from her daughter's home, all beginning with "2111."[14] She is unsure, however, if she ever ate from any of those jars.[15] Based on her diagnosis of Salmonella, the Plaintiff filed this lawsuit against the Defendant seeking damages for her injuries after consuming peanut butter. The Plaintiff asserts claims for negligence, negligence per se, and strict liability. The Defendant now moves for summary judgment, arguing that the Plaintiff cannot prove that it was the Defendant's peanut butter that caused her injuries.

---

[11]  Washington Dep. at 24.

[12]  Id. at 26.

[13]  Def.'s Statement of Facts ¶ 25.

[14]  Id. ¶ 22.

[15]  Id.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[16] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[17] The party seeking summary judgment must first identify grounds to show the absence of a genuine issue of material fact.[18] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[19] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[20]

## III. Discussion

As a threshold matter, this Court must determine what law applies. In MDL matters, the transferee court applies the choice of law rules of the transferor court.

---

[16]　FED. R. CIV. P. 56(a).

[17]　Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

[18]　Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

[19]　Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[20]　Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

This action was initially filed in the District of Columbia. This Court therefore applies the District of Columbia's choice of law rules. The District of Columbia uses a modified interest analysis choice of law test.[21] This test requires courts first to determine whether a "true conflict" exists among the laws of competing jurisdictions.[22] If a true conflict exists, then courts must determine which jurisdiction has the "more substantial interest" in having its law applied.[23] No true conflict exists here – both Georgia and the District of Columbia require proof of causation in all tort cases, regardless of whether they are brought under a strict liability, negligence, or negligence per se theory.[24]

The Defendant argues that the Plaintiff is unable to prove product identification and causation. This Court has previously addressed the requirements of these

---

[21] GEICO v. Fetisoff, 958 F.2d 1137, 1141 (D.C. Cir. 1992).

[22] Id.

[23] Id.

[24] See, e.g., Hill v. Metropolitan African Methodist Episcopal Church, 779 A.2d 906, 908 (D.C. 2001) (noting causation requirement in negligence cases); Word v. Potomac Elec. Power Co., 742 A.2d 452, 460 (D.C. 1999) (noting causation requirement in strict liability cases); Boswell v. Overhead Door Corp., 292 Ga. App. 234, 235 (2008) (noting the causation requirement in all products liability cases). The Plaintiff argues that her negligence per se claim does not contain a causation requirement, but that is not the case. See, e.g., Rong Yao Zhou v. Jennifer Mall Rest., Inc., 534 A.2d 1268, 1277 (D.C. 1987) (noting causation requirement in negligence per se cases); Duckwitz v. Manor, 238 Ga. App. 545, 546 (1999) (stating that causation must be proved in a negligence per se case).

elements. "To prove causation, each Plaintiff must show that it is more likely than not that contaminated peanut butter caused his illness."[25] Of course, direct evidence of contamination, namely, a test of the peanut butter eaten, is the best way to prove causation, but a plaintiff may use circumstantial evidence as well.[26] Circumstantial evidence that a plaintiff ate contaminated peanut butter could include evidence, like a lid code, that would indicate the peanut butter was manufactured at the Sylvester plant during the outbreak period.[27] Alternatively, a plaintiff can provide medical records indicating he contracted Salmonellosis within a short time after eating the peanut butter.[28]

There is no dispute here that the Plaintiff has neither the peanut butter she ate before her October 2006 hospitalization nor the lid from that peanut butter. Regardless, the Plaintiff does have enough circumstantial evidence from which a reasonable jury could conclude that contaminated ConAgra peanut butter caused her illness. Here, the Plaintiff testified in her deposition that she had Peter Pan peanut butter at home, which she had eaten before becoming ill. Peter Pan peanut butter is

---

[25] In re Conagra Peanut Butter Products Liability Litigation, No. 1:07-md-1845-TWT, 2010 WL 3883439, at *2 (N.D. Ga. Sept. 28, 2010).

[26] Id.

[27] Id.

[28] Id.

manufactured exclusively by ConAgra. Furthermore, her medical records indicate positive blood and wound cultures for Salmonella, which were obtained shortly after the Plaintiff ate peanut butter. The Defendant disputes whether its peanut butter or something else caused the Plaintiff's Salmonella, but that simply raises an issue of fact to be decided by a jury. Additionally, this Court will not impose sanctions on the Plaintiff for failing to preserve the peanut butter at issue. As discussed, the Plaintiff still must prove causation, and may do so through circumstantial evidence. The Defendant may then attack that evidence at trial. Of course, neither party will be able to rely on tests of the peanut butter because they were never done. The Defendant's motion for summary judgment should be denied.

## IV. Conclusion

For the reasons stated above, the Defendant's Motion for Summary Judgment [Doc. 26] is DENIED.

SO ORDERED, this 26 day of February, 2015.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge